COPELAND v. PIEDMONT AND ARLINGTON LIFE INSURANCE COMPANY.

McGREGOR v. SAME.

MORRIS v. SAME.

WHITE v. SAME.

MOORE v. SAME.

GOLDSMITH v. SAME.

1. No one but a party to the proceedings can move to set aside an attachment for irregularities.

2. The assignee under a deed of assignment cannot by motion before judgment vacate an attachment levied upon the assigned property after the recording of the assignment, he being no party to the action.

3. He cannot have the title to the land tried in this summary way.

Before ALDRICH, J., Richland, April, 1881.

These were motions made by Angus R. Blakey in the six cases stated and heard together, to dissolve attachments levied in those cases upon real estate in Aiken, Barnwell, and Edgefield counties. The attachments were levied between January 1 and 8, 1881. The deed of assignment from the defendant company, transferring this property to Blakey, was dated November 30, 1880, and was duly recorded in the proper office of the three counties named, on December 2, 4, and 11, 1880.

The exceptions to the order of the Circuit judge refusing the motions (omitting the 2d and 5th, which were not considered by this court) were as follows:

1. Because the said A. R. Blakey, assignee, was a proper party to make the motion to dissolve the attachment; and the holding of his Honor that he was not, is error.

3. Because it was error to hold that there was any question of title which could conflict with the right of A. R. Blakey, assignee, to have the attachments dissolved.

4. Because the holding of his Honor, that no sufficient ground was alleged for dissolving the attachments, was error.

6. Because on the case as submitted his Honor should have granted the order to dissolve the attachments, and his refusal to do so was error.

Mr. *John C. Haskell,* for appellant, cited 1 *Bail.* 193; 1 *Bay,* 90; 3 *Strob,* 236; 1 *McC.* 80; 4 *Id.* 519; 6 *S. C.* 175; *Voorh. Code,* 320; 34 *How. Pr.* 409; 12 *N. Y.* 626; 22 *Barb.* 110; 2 *Bail.* 163; 1 *Rich. Eq.* 187; 3 *Strob. Eq.* 55; 12 *Rich. Eq.* 393.

Messrs. *J. T. Sloan* and *J. S. Muller,* contra.

April 12, 1882. The opinion of the court was delivered by

Mr. Chief Justice Simpson. In this case attachments were levied upon certain real property in this state, alleged by the attaching creditors to be the property of the defendant company. Angus R. Blakey claims this property to be his by virtue of a certain deed of assignment executed to him by this company, in the state of Virginia, before these proceedings in attachment were commenced. Upon affidavits showing this fact he sought to intervene in these cases and by motion to dissolve the attachments.

It appeared as one of the facts of the case, that before the attachments were issued proceedings had been instituted in the Circuit Court of the United States for the district of Virginia, to have the deed of assignment under which Blakey claims set aside as null and void, and for the appointment of a receiver. Upon this proceeding no final judgment has been pronounced and the case seems to be still pending, but a receiver was appointed by an order of Judge Hughes in the case, dated

December 23, 1880. It further appeared that an action was pending in the Court of Common Pleas for Aiken county, in behalf of certain creditors of the company therein named, to set aside this deed to Blakey as fraudulent and void.

Judge Aldrich, who heard the motion below, declined to dissolve the attachments, holding that Blakey was not such a party to the actions of the plaintiffs as to entitle him to make this motion ; also, that he could not try titles to land on a motion ; and lastly, that as the deed of assignment under which Blakey claimed was attacked as fraudulent, the attachments could do no harm to Blakey, because if the deed was valid the attachments could not defeat it, and if it was fraudulent the attaching creditors should not be deprived of the benefit of their diligence. Blakey has appealed upon several exceptions, most of which raise the question whether Blakey was such a party as authorized·him to make this motion.

Under the former attachment acts, of force before the adoption of the code in March, 1870, it had been repeatedly decided that no one but the defendant in the attachment could question the regularity of the proceeding or move to dissolve it on that ground, not even the garnishee, although served with process. In *Foster* v. *Jones,* 1 *McC.* 116, it is said " a garnishee has no right to question the regularity of the proceeding against an absent debtor." In *Kincaid* v. *Neall,* 3 *McC.* 201, the court held " that a third person though a judgment creditor cannot set aside the lien of the attachment on account of irregularities." In *Camberford* v. *Hall,* 3 *McC.* 345, it was decided that no one but the debtor himself could take advantage of errors in the judgment rendered against him ; that a garnishee could not object to errors or irregularities in the attachment proceedings. In *McBride* v. *Floyd,* 2 *Bail.* 214, Judge O'Neall said: "It has been often decided that neither a garnishee, a creditor of the debtor, nor any person other than the debtor himself can question the regularity of the proceedings in attachment." See also *Chambers* v. *McKee,* 1 *Hill,* 229 ; *Harper* v. *Scuddy,* 1 *McM.* 265.

These cases would be conclusive under the old law as to irregularities. Has this been changed under the new ? Our

present attachment act is found in the code, Part II., Title VII., Chap. IV. In Section 265 there is a provision that *defendants* may move to discharge attachments, but this privilege does not extend beyond defendants. There is nothing said as to others. This section seems to be a legislative declaration of the law as it formerly stood. As Blakey is not a defendant he cannot come in under any provision of the act, and he is excluded under the decisions above referred to from questioning these attachments for irregularity.

It may be said, however, that he is not attempting to assail the attachments on the ground of irregularity, but because they have been levied upon his property instead of that of the Piedmont Company. Under the former act there was provision made for such cases. Where the property attached was claimed by a third party he had the right to intervene, and by proper pleading to raise the question of title, but he could not do so on simple motion. The act required an issue to be made and to be submitted to the jury. But there is no provision of this kind as to real estate in the present act.

The cases relied upon by appellant, as it appears to us, do not aid him. Some of them decided that the title of an assignee from the debtor vested before the lien of the attachment will be sustained as against the attachment.

There is no doubt as to the correctness of this principle, and if in this case it should subsequently appear that when these attachments were levied the lands attached had been conveyed by *bona-fide* deed to Blakey, or to any one else, these attachments will not stand in the way of such conveyance; on the contrary, they will be nugatory, and the attaching creditors will take nothing by their proceedings. In the other cases the judgments obtained on the attachment proceedings were assailed, and with it the attachments. But here Blakey comes in before judgment and attempts to intervene on motion, in the midst of the proceedings, raising the question of title to the property, which he submits to the judge. The judge, we think properly, held that he could not try title to real estate on a motion. *Code*, § 276.

As was said by the presiding judge, we cannot see how

Blakey can be injured by these attachments. If it is true that the property involved in fact belongs to him, the attachments cannot divest his title. He is no party to the proceeding, and cannot be bound by any judgment rendered therein. Only the interest of the defendant company is attached, and if no such interest exists the attachments of course will be fruitless. It will be time enough for Blakey to assert his title when it is attacked in such way, as upon failure to resist he may be concluded.

We think there was no error in the judge refusing the motion below. Inasmuch as Blakey had no legal status in the case below, and therefore not authorized to make this motion, it will not be necessary to discuss the other exceptions.

It is the judgment of this court that the judgment of the Circuit Court be affirmed.